UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

DARYL SIMON,                                    :
                                                :
                              Plaintiff,        :
                                                :
            - against -                         :          **OPINION AND ORDER**
                                                :
                                                :          12-CV-5209 (ER)
UNITED STATES OF AMERICA                        :
--------------------------------------------------------------x

Ramos, D.J.:

On November 18, 2015, the Court denied a habeas petition filed by Daryl Simon

("Petitioner" or "Simon"), pursuant to 28 U.S.C. § 2255, from his conviction and sentence on

the basis of ineffective assistance of counsel and the Government's alleged breach of the plea

agreement.  Doc. 30.  Simon appealed and on April 11, 2017, the Second Circuit affirmed this

Court's decision.  Docs. 31, 34.  On July 24, 2017, Simon filed a motion for reconsideration

pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  Doc. 35.  For the reasons

discussed below, Simon's motion is DENIED.

## I.  Background

Simon initially plead guilty to an information charging him with one count of credit card

fraud on September 25, 2007.  Doc. 2, 2.  At the time, he was represented by attorney George

Fufidio.  Doc. 23, 10.  Simon was originally scheduled to be sentenced on January 3, 2008 but he

failed to appear.  Doc. 6, 3.  He also failed to appear for the re-scheduled sentencing date on

January 17, 2008 and was declared a fugitive.  On March 25, 2008, while in fugitive status, a

Grand Jury indicted Simon with failure to appear.  *Id.*  On May 14, 2008, agents went to a

basement apartment in the Bronx, where Simon was suspected to reside, and found physical

evidence that he was engaging in a second credit card scheme.  *Id.* at 4.  Simon remained a

fugitive until October 1, 2008, when he was arrested by agents of the United States Secret Service and United States Marshals Service at a friend's apartment in Astoria, New York. *Id.*

Richard D. Willstatter ("Willstatter") began representing Simon in 2009. Doc. 23. Simon writes that Willstatter "has represented thousands of criminal defendants…and has extensive experience in advising clients with respect to plea bargaining and issues relating to sentencing…." Doc. 35, 4 (citations omitted).

At the time Simon was negotiating his plea agreement for the failure to appear charge, he had not yet been charged with the second credit card scheme uncovered in May 2008. Doc. 6, 2–6. Thus, his right to discovery, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, had not yet attached to that offense, Doc. 23, 24, and the Government resisted providing Willstatter with access to their evidence for the 2008 credit card scheme. *Id.* at 54. Willstatter, thereafter, attempted to obtain evidence of the 2008 credit card scheme in several ways, such as by asking that it be produced pursuant to a protective order, offering to inspect the evidence inside a secure facility with the aid of a computer forensic expert, and asking to visually inspect the Government's raw data. Doc. 30, 8.

Finally, by invoking Simon's right to review the Government's basis for restitution, Willstatter arranged a meeting to review the evidence for the second credit card scheme. Doc. 30, 4. On December 18, 2009, Willstatter met with the Government who provided him with information on victims and losses but did not allow him to inspect the information personally. *Id.*

Willstatter did not thereafter push the Government for more discovery in part because the Government advised him that it had identified over 266 defrauded credit cards with actual loss. Doc. 30, 5, 9–10. The Government stipulated that it would seek to hold Simon responsible for

no more than 50 victims for purposes of calculating the applicable guidelines range. *Id.* at 10. Simon himself could not recall the number of credit cards he defrauded, reducing the chances that he could successfully challenge the Government's figures. *Id.* Simon and Willstatter discussed whether they should press the Government to provide more discovery but ultimately Simon agreed with the strategy recommended by Willstatter and proceeded with the guilty plea. *Id.* at 11. On January 13, 2010, Simon pleaded guilty pursuant to a plea agreement to one count of failing to appear for sentencing and two counts of access device fraud, in violation of 18 U.S.C. §§ 3146(a)(1) and 1029(a)(2)–(3), respectively. Doc. 2, 2–3. On July 15, 2010, he was sentenced to 285 months in prison. Doc. 6, 1.

Two years later, on July 3, 2012, Simon moved this Court to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, on the grounds that he received ineffective assistance of counsel from Willstatter and that the Government breached the terms of the plea agreement. *Id.* The Court denied Simon's claim on the breach of the plea agreement claim but granted him an evidentiary hearing on the ineffective assistance of counsel claim. Doc. 12. Specifically, Simon alleged that Willstatter failed to adequately investigate the number of victims and amount of loss that were incorporated into the Government's Sentencing Guidelines calculation contained in the plea offer. Doc. 2. Allegedly, the Government's calculation overstated the number of victims and loss amount, leading to a longer sentence for Simon. Doc. 35, 3–6; *see also* Doc. 8. Simon alleged that Willstatter did not object to the error nor research the matter adequately. Doc. 35, 6–7.

The Court held an evidentiary hearing on January 6, 2015 where Simon was represented by habeas counsel, Aaron M. Goldsmith ("Goldsmith"). Goldsmith cross-examined Willstatter who asserted that he did not seek more discovery from the Government because "there was a

significant litigation risk that if we pressed the government" they could produce more victims or a higher loss amount and this would worsen Simon's position. Doc. 23, 37. On November 18, 2015, the Court issued an Opinion and Order ("Order") denying Simon's habeas petition based on the evidence adduced at the hearing. Doc. 30. The Court credited Willstatter's testimony and found that this strategy satisfied the *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984) standard of reasonable professional judgment, that Willstatter had cleared it with Simon, and that the evidence established that Willstatter was not constitutionally ineffective. *Id.* at 12. Specifically, the Court held that:

> …Willstatter's testimony at the evidentiary hearing – which the Court credits in its entirety – contradicts Petitioner's assertions, establishing that he successfully investigated the basis for the Government's calculations. Further, Willstatter exhibited reasonable judgment when he decided to embark on a strategy – which he cleared with Petitioner – not to challenge the Government's evidence out of concern that continued investigation would only worsen Petitioner's position by uncovering additional victims and losses. His performance therefore easily clears the standard set by *Strickland*.

*Id.* at 8. The Court also considered the alternate means by which Willstatter sought to obtain discovery, like offering to inspect the information in a secured facility with a computer forensic expert. *Id.*

Simon appealed the Court's decision on December 18, 2015, asking the Second Circuit for leave to file a successive § 2255 motion challenging the enhancement of his sentence under Sentencing Guideline § 2B1.1(b)(2) (listing enhancement levels based on number of victims that suffered financial hardship as a result of the offense). Doc. 31. On April 11, 2017, the Second Circuit affirmed the Court's decision by holding that Simon did not satisfy the requirements of 28 U.S.C. § 2255(h). Doc. 34. The Second Circuit found that Simon made no showing that his claims were based on any new rule of constitutional law nor did he rely on newly discovered

evidence. *Id.*

Three months later, on July 24, 2017, Simon sought to reopen the case via a Rule 60(b) motion for reconsideration of the Court's November 18, 2015 Order. Doc. 35. Simon makes five arguments in support of his motion: (1) that the Order was not properly served; (2) that the Court's Order misinterpreted the law as it relates to the ineffective assistance of counsel claim; (3) that the Court's Order misinterpreted the law as it relates to Willstatter's case strategy; (4) that the Court failed to provide him with notice of pleading deficiencies and an opportunity to amend his pleadings, pursuant to Rule 12(b)(6); and (5) that his habeas counsel, Goldsmith, was constitutionally ineffective during the evidentiary hearing. Doc. 35.

## II. Legal Standard

Generally, Rule 60(b) motions are disfavored and reserved for exceptional cases. *Crawford v. Franklin Credit Mgmt., Corp.*, No. 08 Civ. 6293 (JFK), 2013 WL 2951957, at *1 (S.D.N.Y. June 14, 2013) (quoting *Canale v. Manco Power Sports, LLC*, No. 06 Civ. 6131, 2010 WL 2771871, at *2 (S.D.N.Y. July 13, 2010)); *see also Lipin v. Hunt*, 573 F. Supp. 2d 830, 833 (S.D.N.Y. 2008) ("'Since [Rule] 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances. A motion seeking such relief is addressed to the sound discretion of the district court . . . .'" (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986))). Indeed, relief under Rule 60(b) is only warranted if the movant presents "highly convincing" evidence that show extraordinary circumstances that merit relief. *Hoffenberg v. United States*, No. 00 Civ. 1686, 2010 WL 1685558, at *4 (S.D.N.Y. Apr. 26, 2010) (quoting *James v. United States*, 603 F. Supp. 2d 472, 478 (E.D.N.Y. 2009)).

Under Rule 60(b), a district court "may relieve a party" from the effects of a "final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or

excusable neglect; (2) newly discovered evidence that, with reasonable due diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

In connection with a habeas proceeding, Rule 60(b) is only available when it attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction. *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004); *cf. Gonzalez v. Crosby*, 545 U.S. 524, 332 (2005) (holding Rule 60(b) motion cannot be used to mask successive habeas petition). When a Rule 60(b) motion essentially quarrels with the Court's analysis and presses substantive arguments, it falls under the "catch-all" category of Rule 60(b)(6). *Kelly v. United States*, No. 09 CR. 163 DLC, 2013 WL 6061737, at *2 (S.D.N.Y. Nov. 18, 2013).

### III. Discussion

#### A. The Order Was Properly Served

As a threshold matter, the Court finds that the Order was properly served. Simon argues that a "copy of the Court's memorandum and order was never served in accordance with Fed. R. Civ. P. 77(d)." Doc. 35. Rule 77(d) provides that immediately after entering an order or judgment, the Clerk of Court must serve each party who is not in default, as provided by Rule 5(b). Rule 5(b)(1) states that when a party is represented by an attorney, service must be made on the attorney unless the Court orders service on the party. Rule 5(b)(2)(E) provides that service is complete when sending the relevant papers to a registered user via the court's electronic-filing system.

Simon began this case as a *pro se* litigant,[1] however, when the Court issued its Order on November 18, 2015, Simon was represented by retained counsel, Goldsmith—who was a registered user of the Court's electronic-filing system. *See* Doc. 15 (Notice of Appearance for Goldsmith dated September 7, 2014).[2] Accordingly, Simon's assertion that the Order was not properly served is incorrect.

### B. The Motion for Reconsideration is Time-Barred

Next, the Court finds that Simon's motion is untimely in its entirety. Rule 60(c)(1) provides that in general motions made under Rule 60(b) must be made within a reasonable time—and specifically for subsections (1), (2), or (3), must be made no more than a year after the entry of the judgment, order, or date of the proceeding at issue. *See, e.g.*, *Wyche v. Advanced Drainage Sys., Inc.*, 332 F.R.D. 109, 112 (S.D.N.Y. 2019) (collecting cases describing Rule 60(c)(1)'s one-year limitation as "absolute"); *Wright v. Poole*, 81 F. Supp. 3d 280, 291–92 (S.D.N.Y. 2014) (finding petitioner's 17-month delay in filing Rule 60(b)(1) motion did not meet one-year time limit). Furthermore, Local Civil Rule 6.3 states that a notice of motion for reconsideration or re-argument of a court order must be served within fourteen days after the entry of the court's determination of the original motion or entry of judgment.

On July 24, 2017, Simon asked the Court to reconsider its November 18, 2015 Order, approximately one year and eight months after the issuance of the Order and three and a half months after the issuance of the Second Circuit's mandate affirming the Order. *See* Docs. 30, 34, 35. Simon has not provided the Court with any explanation for this unreasonable delay.

---

[1] On August 7, 2014, the Court appointed a Criminal Justice Act attorney, Louis V. Fasulo, to represent Simon. Doc. 14. But on September 7, 2014, Simon's retained attorney, Goldsmith, made an appearance. Doc. 15.

[2] On April 4, 2019, Simon made a *pro se* appearance. He informed the Court that Goldsmith is no longer representing him and asked the Court to issue a Notice of Withdrawal for Goldsmith. Doc. 44.

Accordingly, his motion is time barred in its entirety and may be denied on this basis alone.

### C.  The Motion for Reconsideration Loses on the Merits

Even if Simon's motion had been timely filed, it would still be denied on the merits.  To be valid, a Rule 60(b) motion must challenge the integrity of the underlying habeas proceeding and not the underlying criminal conviction.  *Harris*, 367 F.3d at 77.  In the instant motion for reconsideration, Simon argues there were four defects with the habeas proceeding.

### 1.  Court's Consideration of Willstatter's Evidentiary Hearing Statements

Simon asserts that Willstatter rendered ineffective assistance of counsel when he failed to point out the enhancement errors during his sentencing.  Doc. 35, 3.  After holding an evidentiary hearing, the Court held that Willstatter's efforts to investigate the evidence and his decision not to challenge the Government's victim and loss amounts were reasonable.  Doc. 30.  Simon argues that the Court's denial of his habeas petition was entered in error because the Court allegedly did not consider a key statement from Willstatter's testimony during the evidentiary hearing.  Doc. 35, 2–3.  When asked whether he had conducted legal research, in the case law or other doctrines, that may have alluded to the accuracy of the government's victim and loss amount calculations, Willstatter said:  "Yes, and I think it was not entirely clear."  Doc. 23, 48.  Simon reasons that Willstatter could not have properly advised him when Willstatter himself did not know how the victim enhancements were to be applied as a matter of law.  Doc. 35, 4.

Simon provides no factual basis to support his claim that the Court failed to consider that statement.  To the contrary, the November 18, 2015 Order clearly stated that "Willstatter's testimony at the evidentiary hearing—*which the Court credits in its entirety*—contradicts Petitioner's assertions, establishing that [Willstatter] successfully investigated the basis for the Government's calculations."  Doc. 30, 8 (emphasis added).  Also, Willstatter undertook various

efforts to learn the number of victims and amount of loss, like asking for a protective order, offering to inspect the evidence inside a secure facility with the aid of a computer forensic expert, and asking to visually inspect the Government's raw data. *Id.* Lastly, as Simon himself writes, Willstatter "has represented thousands of criminal defendants…and has extensive experience in advising clients with respect to plea bargaining and issues relating to sentencing…." Doc. 35, 4 (citations omitted).

Simon also alleges that the Court failed to rule on the issue of the victim enhancements and overlooked whether there was actual loss. Doc. 30, 8. He states that without actual loss, there could be no victims. Doc. 35, 4. However, in its July 2, 2014 Order, the Court found that the plea agreement relied exclusively on assumed minimum losses and that it was clear that the loss figures and/or victim counts had been negotiated for as part of the plea-bargaining process. Doc. 12, 15.

Furthermore, in his motion for reconsideration Simon merely recapitulates his § 2255 arguments that the Sentencing Guidelines were incorrectly applied in his plea agreement and sentencing due to ineffective assistance of counsel. Doc. 35, 4–7. These arguments do not bear on the integrity of the evidentiary habeas proceeding conducted by this Court and thus Rule 60(b) relief is not available on this basis. In his reply, Simon states that he is trying to re-open his existing § 2255 to show that it can be evaluated on its own merits and that the Government refuses to admit they incorrectly applied the victim enhancements. Doc. 40, 2. He is plainly attacking the underlying conviction and sentence, which does not implicate Rule 60(b) at all.

A motion for reconsideration is not a substitute for appeal. *In re Optimal U.S. Litig.*, 886 F. Supp. 2d 298, 312 (S.D.N.Y. 2012). And, nevertheless, the Second Circuit has already denied Simon's motion for leave to file a successive habeas petition. Doc. 34. The Second Circuit

affirmed this Court's ruling in full when it held that Simon did not meet the § 2255 standard. Doc. 34. It held that Simon did not show his claims were based on a new rule of constitutional law—made retroactive to cases on collateral review by the Supreme Court—that was previously unavailable. *Id.* It also held that Simon did not rely on newly discovered evidence within the meaning of § 2255(h)(1). *Id.* Thus, Simon's argument about the application of the Sentencing Guidelines in his plea agreement goes beyond the scope of Rule 60(b).

### 2. Court's Ruling Based on Willstatter's Strategic Reasoning

Simon's second argument is that the Court misconstrued the law as it relates to Willstatter's strategic reasoning because Goldsmith failed to cross-examine him in-depth during the evidentiary hearing. Doc. 35, 8. During cross-examination, Willstatter stated that his legal research into the accuracy of the Government's calculations was "not entirely clear" and that he feared the Government could develop more victims. Doc. 23, 48. Goldsmith did not further question him on that. If only Willstatter had understood the Federal Rules of Criminal Procedure, Simon argues, then his fears about the additional victim count would not have negatively impacted Simon's Sentencing Guidelines. Doc. 35, 9.

However, Simon makes no showing that Goldsmith's decision to not cross-examine Willstatter in a different way bears on the integrity of the proceeding, much less that it constitutes an exceptional circumstance under Rule 60(b). *See Harris*, 367 F.3d at 77. This argument is couched as a judicial mistake, but really Simon is attacking the underlying Sentencing Guidelines calculation, which is not proper on a Rule 60(b) motion. Contrary to his assertions, the Court properly credited Willstatter's testimony and found he exercised reasonable professional judgment based on the facts of the case. Doc. 30. Furthermore, the Government stipulated to a victim count of "no more than 50" even though they had identified 266 credit

cards that had been defrauded and suffered actual loss.  Thus, there was a significant litigation risk that the Government could identify substantially more than 50 individual victims, which would have increased Simon's Sentencing Guidelines level.  Doc. 30, 5, 10.

### 3.  Failure to State a Claim

Simon's third argument is that the Court failed to inform him of the deficiencies in his pleading pursuant to the failure to state a claim standard in Fed. R. Civ. P. 12(b)(6) and did not afford him the opportunity to amend his pleadings.  However, the Court did not dismiss Simon's § 2255 habeas petition pursuant to the Rule 12(b)(6) standard.  Instead, it held an evidentiary hearing and determined that his claims were not supported by the factual record.  Doc. 30.  Simon does not address this argument in his reply memorandum.  Accordingly, it is abandoned.

### 4.  Ineffective Assistance of Counsel

Simon's last argument is that his habeas counsel, Goldsmith, provided him with ineffective assistance of counsel.  Simon merely recites the legal standard for ineffective assistance of counsel and advances no factual basis to support his assertion.  Doc. 35, 11–12.  Similarly, in his reply memorandum, Simon cites non-binding case law about Rule 60(b)(6) relief for attorney abandonment.  Doc. 40, 3.  But, again, he cites no facts in support of the motion.  Thus, this argument does not establish "exceptional circumstances" under Rule 60(b).

**IV. Conclusion**

For the reasons set forth above, Defendant's motion for reconsideration is DENIED. The Clerk of Court is respectfully directed to terminate the motions, Docs. 35, 45,[3] mail a copy of this Order to Simon at LSCI Allenwood, and terminate attorneys Goldsmith and Fasulo.

It is SO ORDERED.

Dated:    February 18, 2020
          New York, New York

                                        Edgardo Ramos, U.S.D.J.

---

[3] On June 28, 2019, Simon filed a motion requesting an expedited ruling on his Rule 60(b) motion. Doc. 45.